UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUANITA K. JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-cv-0368-TWP-TAB |
| ) | |
| MEIJER STORES LIMITED ) | |
| PARTNERSHIP, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant Meijer Stores Limited Partnership's ("Meijer"), Motion for Summary Judgment. This case arises from a negligence claim brought by the Plaintiff Juanita K. Jordan ("Mrs. Jordan"), who alleges Meijer is liable for the injuries she suffered after she slipped on a green bean lying on the floor in a Meijer store. Mrs. Jordan claims Meijer failed to exercise reasonable care in maintaining its premises in a reasonably safe condition. Meijer asserts that Mrs. Jordan cannot meet her burden of proof to sustain her cause of action. For the reasons set forth below, the Meijer's Motion for Summary Judgment (Dkt. 24) is **DENIED**.

**I. BACKGROUND**

The following facts are undisputed. On June 22, 2008, Mrs. Jordan and her husband, Rex Jordan, visited a Meijer store in Anderson, Indiana to shop for groceries. As they were walking through the produce section, Mrs. Jordan's left foot slipped out from underneath her and she fell onto the floor, injuring her left foot in the process. When Mrs. Jordan looked to see why she fell, she noticed a green bean on the bottom of her shoe and a green skid mark on the floor. Mrs. Jordan did not initially notice any green beans on the floor and does not know how long the

green bean had been on the floor prior to her slip and fall. After the fall, her left ankle immediately began to swell. Mrs. Jordan's husband took her to the emergency room at St. John's Hospital in Anderson, Indiana where she received treatment for her injury.

Meijer produce clerks are responsible for cleaning the floor and keeping debris off the floor in the produce section. At the time of Mrs. Jordan's fall, Cheryll Shannon ("Ms. Shannon"), was the produce clerk working in the produce section of Meijer. According to Ms. Shannon, green beans are normally displayed in the back of the produce department, however, on June 22, 2008 they were displayed individually in bulk in a foot-deep four-foot squared crate in the center of the produce section, because they were on sale. Ms. Shannon testified that as she was bringing a load of bananas into the produce section from the backroom, she observed Mrs. Jordan fall. Shortly before seeing her fall, Ms. Shannon had swept up a pile of green beans, approximately four inches in diameter, from the floor around the green bean crate. Approximately ten minutes had passed between the time she swept up the green beans and the time she witnessed Mrs. Jordan fall. Additionally, Ms. Shannon stated that her supervisor was aware of the problem with the green beans being dropped onto the floor by customers. As such, Ms. Shannon would clean up green beans on the floor every fifteen to twenty minutes. Additional facts are added below as needed.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court

reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).  However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted).  "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted).  "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

### III.  DISCUSSION

Mrs. Jordan argues that a genuine issue of material fact exists regarding whether Meijer failed to exercise reasonable care to protect her against a danger.  By contrast, Meijer asserts that summary judgment is appropriate in this matter because Mrs. Jordan cannot meet her burden of proof to sustain her cause of action.  The Court will address the parties' arguments in turn.

1.  **Plaintiff's Cause of Action**

In its summary judgment motion, Meijer argues that Mrs. Jordan cannot establish that it breached its duty of reasonable care to her as a business invitee because she cannot establish each element of her cause of action.  To establish a claim of negligence, a plaintiff must show that (1) the defendant owed the plaintiff a duty; (2) breach of the duty by allowing conduct to fall below the standard of care; and (3) the plaintiff suffered a compensable injury proximately

3

caused by the defendant's breach of duty.  *Caesars Riverboat Casino, LLC v. Kephart*, 934 N.E.2d 1120, 1123 (Ind. 2010).  Whether a defendant owes a duty to a plaintiff is a question of law.  *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind. 1992).  Absent a duty there can be no breach and, therefore, no recovery in negligence.  *Id.* at 373.  In addition, "[w]hether a particular act or omission is a breach of a duty is generally a question of fact.  *Id.*  The issue regarding a breach of duty "can be a question of law, however, when the facts are undisputed and only a single inference can be drawn from the facts."  *Id.*  However, "[n]egligence will not be inferred; rather; specific factual evidence, or reasonable inferences that might be drawn therefrom, *on each element* must be designated to the trial court."  *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 458 (Ind. Ct. App. 2000) (emphasis in original).

As an initial matter, both parties agree that Mrs. Jordan was a customer at the Meijer store on June 22, 2008, and as such, she was a business invitee to whom Meijer owed a duty of reasonable care for her protection while she remained on the premise.  *See Burrell v. Meads*, 569 N.E.2d 637, 639 (Ind. 1991) ("[A] landowner owes the highest duty to an invitee: a duty to exercise reasonable care for his protection while he is on the landowner's premises."); *Golba v. Kohl's Dept. Store, Inc.*, 585 N.E.2d 14, 15 (Ind. Ct. App. 1992).  Thus, the only issues are whether Meijer breached a duty of care to Mrs. Jordan and if so, whether that breach led to Mrs. Jordan's injuries.  In defining the duty of reasonable care, the Indiana Supreme Court has adopted the definition from the Restatement (Second) of Torts § 343.  Accordingly, a business or inviter is subject to liability for physical harm caused to its invitees by a condition on the land if it (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees; and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and (c)

fails to exercise reasonable care to protect them against the danger. *Id.* at 639-40. The determination of whether a business or inviter has exercised reasonable care in making its premises safe for an invitee is ordinarily a question of fact for the jury. *Golba*, 585 N.E.2d at 16.

First, Meijer argues that Mrs. Jordan has not provided sufficient evidence to establish her cause of action for negligence because she cannot establish that it had actual or constructive knowledge of the presence of the green bean on the floor. *See Carmichael v. Kroger Co.*, 654 N.E.2d 1188, 1191 (Ind. Ct. App. 1995) ("Before liability may be imposed on the invitor, it must have actual or constructive knowledge of the danger."). In response, Mrs. Jordan argues that a reasonable jury could conclude that Meijer had actual knowledge of green beans on its floor based on the testimony of Ms. Shannon. The Court agrees.

In this case, Ms. Shannon, the produce clerk, testified that "[w]e all knew about the problem" concerning the green beans on the floor and she had informed her supervisor of the issue before June 22, 2008. Dkt. 38-2 at 32:9-13. Moreover, Ms. Shannon indicated in her deposition that ten minutes before Mrs. Jordan fell, she had swept up "a pile [of green beans] about four inches around." Dkt. 38-2 at 29:13-15. Meijer does not deny that Ms. Shannon or her supervisor knew about the problem associated with the green beans. Thus, her testimony on this issue is undisputed. Accordingly, in examining the evidence in the light most favorable to Mrs. Jordan, the Court cannot find as a matter of law that Meijer did not have actual or constructive notice of the presence of green bean on its floor.

Second, Meijer argues that Mrs. Jordan cannot meet her burden of proof with respect to her premise liability negligence claim when she failed to properly see the green bean on the floor before she fell. Dkt. 40 at 7-8. Specifically, it claims that because Mrs. Jordan cannot establish the actual length of time the green bean was on the floor, any evidence to the contrary would be a

5

result of inferential speculation. *See* Dkt. 40 at 7. In support of this argument, Meijer cites *Howard v. H.J. Ricks Const. Co.*, 509 N.E.2d 201 (Ind. Ct. App. 1962). Meijer's reliance on *Howard*, however, is misplaced. While Mrs. Jordan indicated that she did not see the green bean on the floor before she fell, a genuine issue of material fact still exists, as discussed previously, regarding whether Meijer knew or should have known of the green bean's presence. As stated in *Golba*:

> Today's storeowner caters to a much larger clientele by requiring the customer to perform tasks which were previously carried out by his employees. The storeowner is not absolved of liability merely because tasks which create hazards have been delegated to the consumer. Items which are dropped on the floor as a result of the transportation of goods from display to register are no less dangerous because it was the customer's carelessness which caused the dangerous condition. If the merchant has chosen such a method of operation, the law requires him to take reasonable care to protect other customers from the reasonably foreseeable risks inherent in his chosen marketing scheme.

*Golba*, 585 N.E.2d at 16.

Here, Ms. Shannon testified that the green bean display had been placed in a more prominent location in the store because green beans were on sale. She attributed the presence of green beans on the floor due to customers dropping them when placing them into bags. Dkt. 38-2 at 30:17-20. In addition, she testified that she had informed her supervisor that green beans kept falling to the floor and she would clean up the area every fifteen to twenty minutes. Dkt. 38-2 at 3:17-10. Importantly, Ms. Shannon had just cleaned up a pile of green beans approximately ten minutes before Mrs. Jordan fell. Finally, Mrs. Jordan testified that she saw a green skid mark on the floor and found a green bean on the bottom of her shoe. Dkt. 38-1 at 24:1-17. These statements establish that there was a reasonably foreseeable risk that Meijer knew green beans would be on the floor as a result of the customers shopping in the produce section. While Meijer's duty to inspect and clean up does not require continuous patrolling of

the aisles, Mrs. Jordan has presented sufficient evidence to establish a genuine issue of fact. *See Peterson v. Wal-Mart Stores, Inc.*, 241 F.3d 603, 604-05 (7th Cir. 2001). Specifically, it is a question of fact whether Meijer, in the exercise of reasonable care, should have discovered and removed the green bean during that ten minute period of time before it caused injury to Mrs. Jordan. *See Schon v. Nat'l Tea Co.*, 274 N.E.2d 578, 581-82 (Ohio Ct. App. 1971) (reversing the lower court's decision and remanding for a new trial as to whether store owner exercised reasonable care in discovering and removing a foreign object that had remained on the floor for ten to fifteen minutes).

Lastly, Meijer argues that Ms. Shannon's monitoring and cleaning of the green bean area every fifteen to twenty minutes meets its duty of reasonable care. However, the determination of whether a business breached its duty to exercise reasonable care is a question of fact. *See Schloot v. Guinevere Real Estate Corp.*, 697 N.E.2d 1273, 1276 (Ind. Ct. App. 1998); *Golba*, 585 N.E.2d at 16. Meijer acknowledges in its briefing that the actions required to meet the standard of care vary, dependent upon the circumstances. In this case, it is clearly a question of fact whether Mrs. Shannon's monitoring of the green bean spills meets the definition of reasonable care. In addition, the Court finds the issue of whether Meijer's breach of its duty was a proximate cause of Mrs. Jordan's injuries is a question of fact for the jury. *See Hamilton v. Ashton*, 846 N.E.2d 309, 316 (Ind. Ct. App. 2006). Accordingly, the Court concludes that Meijer is not entitled to summary judgment on Mrs. Jordan's premise liability negligence claim.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Meijer's Motion for Summary Judgment (Dkt. 24) is **DENIED**.

SO ORDERED.

7

Date: 10/12/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jeremy S. Baber
STEWART & STEWART
jeremy@getstewart.com

Arthur Charles Johnson , II
JOHNSON RAPPA & IVANCEVICH LLC
acj@johnsonrappa.com

Steven A. Johnson
JOHNSON, RAPPA & IVANCEVICH, LLC
saj@johnsonrappa.com

David W. Stewart
STEWART & STEWART
dave@getstewart.com